IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRICK JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| MINNIE MIZZOLA, Magistrate Judge, Jones County, GA, | : | NO. 5:07-cv-156 (CAR) |
| Defendant | : | |

**O R D E R**

Plaintiff **DERRICK JACKSON** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $28.80 as ordered by this Court on June 5, 2007.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the unpaid balance of $321.20 has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Because the Court has permitted plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or employees of a governmental entity and dismiss any portion of the complaint it finds: (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. AMENDMENTS

Since filing his complaint, plaintiff has filed two "amendments" which, in addition to alleging new claims, seek to add two additional parties (Sheriff Robert Reece and Sheriff's Deputy Calvin Pitts, both of Jones County). The claims asserted in both the original complaint and the amendments are addressed below.

## III. BACKGROUND

Plaintiff is currently being held in custody at the Putnam County Jail on one count of identity theft and three unspecified charges. Plaintiff's claims arise out of his arrest and confinement on such charges in Jones County, Georgia. Plaintiff sues Magistrate Minnie Mizzola, Jones County Sheriff Robert Reece, and Jones County Sheriff's Deputy Calvin Pitts. Plaintiff complains that his arrest warrant was invalid because it did not "state the time, or place, where said offense was committed,

other than Jones, whatever that might mean nor does it describe the offense in detail," as required by O.C.G.A. § 17-4-41(a). In addition, plaintiff initially complained that Magistrate Mizzola refused to set bail bond and following her setting bail bond at $100,000, plaintiff complains that such amount is excessive in violation of the Eighth Amendment. Finally, he complains that "the defendants" added unspecified charges to "penalize" plaintiff for pursuing his legal rights. Plaintiff files this action seeking a monetary award of $1,000 per day for his lost wages.

## IV. DISCUSSION

### A. Judicial Immunity

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356. Magistrate judges in Georgia have the authority to set bail bonds, Georgia Uniform Magistrate Court Rules 23; O.C.G.A. § 17-6-1(f)(1)-(2). Because Magistrate Mizzola was acting within her judicial capacity, she has absolute immunity from liability to plaintiff for damages.

### B. Invalid Arrest Warrant

In contrast to plaintiff's claim that his arrest warrant was excessively vague in violation of state law, a review of the warrant reveals that defendant Calvin Pitts provided the facts required by

O.C.G.A. § 17-4-41(a).[1] Accordingly, this claim must be dismissed.

### C. *Excessive Bail Bond*

Plaintiff summarily complains that the $100,000 bail bond imposed upon him was excessive. Excessive bail is prohibited by the Georgia Constitution (Ga. Const.1983, Art. I, Sec. I, Par. XVII) as well as the Eighth Amendment to the United States Constitution. For purposes of the Eighth Amendment, excessive bail is that which is set at an amount higher than an amount reasonably calculated to insure the presence of the defendant at trial. ***Stack v. Boyle***, 342 U.S. 1, 5 (1951). The inability of a defendant to post bail does not necessarily mean that the bail is excessive. ***United States v. McConnell***, 842 F.2d 105, 107 (5th Cir.1978) ("[B]ail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); *see also* ***Pugh v. Rainwater***, 572 F.2d 1053, 1069 (5th Cir.1978) (Coleman, J., concurring) ("[P]eople may not be denied reasonable bail in bailable cases, but they are not entitled to bail on their own terms.... If reasonable bail is set and the defendant cannot make it the Constitution does not command that he shall be released.").

As noted above, plaintiff makes no specific allegations as to why his bail bond was excessive. For example, he does not provide his criminal history, the complete charges against him,

---

[1] O.C.G.A. § 17-4-41(a) provides:

> (a) An affidavit made or warrant issued for the arrest of a person who is accused of violating the penal laws of this state shall include, as nearly as practicable, the following facts:
> (1) The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and
> (2) The county in which the offense was committed.

4

his connection to community, or his flight risk. Plaintiff has thus failed to raise a valid claim for excessive bail.

In addition, neither Reece nor Pitts ultimately set plaintiff's bail bond. *See* O.C.G.A. § 17-6-1 (bond set by judicial officer). Plaintiff has not alleged that Reese and Pitts somehow influenced Magistrate Mizzola's actions - *e.g.*, by misleading her, conspiring with her, or making false statements to influence the decision. Any claim for excessive bail that plaintiff might conceivably have would thus not be valid against these defendants.

Finally, habeas corpus is available to determine whether plaintiff's bail bond is so excessive as to amount to a refusal to grant bail. ***Jones v. Grimes***, 219 Ga. 585(1), 134 S.E.2d 790 (1964). Thus, to the extent that plaintiff's claim can be construed to challenge a failure to set bail, pretrial habeas corpus is his appropriate remedy. ***Rawls v. Hunter***, 267 Ga. 109, 475 S.E.2d 609 (1996).

### *D. Younger Abstention*

Because all of plaintiff's claims essentially challenge his arrest and confinement while state criminal proceeding is pending, ***Younger v. Harris***, 401 U.S. 37 (1971), requires that this Court abstain from interfering with the state proceedings.

In ***Younger***, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." ***Younger*** abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. ***Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n***, 57 U.S. 423, 432 (1982).

Applying the above principles, the Court finds that abstention is appropriate: (1) plaintiff's criminal prosecution is ongoing; (2) the criminal prosecution involves important state interests; and (3) plaintiff has failed to allege that he cannot assert any constitutional claims in the state proceeding. The Supreme Court has held that when a litigant has an opportunity to present his federal claims in state proceedings, as plaintiff does here, but fails to do so, the third requirement for *Younger* abstention is satisfied. ***Judice v. Vail***, 430 U.S. 327, 337 (1977). *Younger* thus provides an independent basis for dismissing plaintiff's case.

## V.  CONCLUSION

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 30th day of July, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr